UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
R. JAMES NICHOLSON, SECRETARY,
and UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS,

                 Plaintiffs,          **MEMORANDUM & ORDER**

        -against-                     06 CV 471 (RJD) (RML)

DAVID B. TWEEDY, EXECUTIVE DIRECTOR,
NEW YORK CITY WATER BOARD, EMILY
LLOYD, COMMISSIONER OF THE
DEPARTMENT OF ENVIRONMENTAL
PROTECTION, and THE CITY OF NEW YORK,

                 Defendants.
-----------------------------------------------------------X
DEARIE, Chief Judge.

      Plaintiffs, the United States Department of Veterans Affairs ("VA") and its Secretary R. James Nicholson, sue defendants, New York City's Water Board and Department of Environmental Protection ("DEP"), claiming that the VA Hospital located in Bay Ridge, Brooklyn was overcharged for its water bill. Plaintiffs' amended complaint alleges erroneous payment of government funds, equitable claim for refund, breach of express and implied contract, and unjust enrichment.[1] Defendants move to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting that plaintiffs have failed to state a claim for breach of contract and that all of plaintiffs' claims are time-barred. In the alternative, defendants seek an order pursuant to Federal Rule of Civil Procedure 12(e) requiring plaintiffs to file a complaint containing a more definite statement of their contract claim. For the

---

[1] In their response to defendants' motion to dismiss, plaintiffs withdrew the third, fifth, and eighth causes of action in their amended complaint. Pls.' Mem. Law Opp'n Defs.' Mot. Dismiss at 12.

reasons stated below, defendants' motion is denied.

## BACKGROUND

This case involves a dispute over a water bill. In or around 2003, plaintiffs retained UtiliSave, LLC, a firm that specializes in auditing utility bills, to review its water and sewer accounts. Am. Compl. ¶ 19. After being contacted by UtiliSave, the DEP concluded that, due to a malfunctioning meter, it had overbilled plaintiffs for the period of January 25, 1994 to May 25, 2001. Id. ¶¶ 15, 21. On June 2, 2003, the DEP cancelled the prior bill of $1,415,208 for the above time period and credited $541,810.91 to plaintiffs. Id. ¶ 21. One year later, the DEP determined that the credit had been issued in error and, without explanation, billed plaintiffs $1,529,250.47. Id. ¶ 22. On September 4, 2004, plaintiffs paid defendants $541,347.62[2] to satisfy the revised bill. Id. ¶ 25.

Plaintiffs appealed the reversal of the credit to the Deputy Commissioner of the DEP on August 12, 2004. Id. ¶ 61. The appeal was denied on November 15, 2004. Id. ¶ 62. Plaintiffs then appealed to the Executive Director of the Water Board for final agency determination. This second appeal was denied on February 4, 2005. Id. ¶¶ 67, 69. Plaintiffs filed the present action on February 2, 2006.

## PROCEDURAL HISTORY

Defendants moved to dismiss plaintiffs' original complaint in October 2006. After the Court heard oral argument on January 19, 2007, plaintiffs filed an amended complaint that differed significantly from the original. By letter dated February 1, 2007, defendants sought

---

[2] From the face of the complaint it is unclear why this figure is several hundred dollars less than the alleged amount of the June 2, 2003 credit.

permission to withdraw their motion. The Court granted this request, and defendants moved to dismiss plaintiffs' amended complaint on March 19, 2007.

## DISCUSSION

### A. Standard for Motion to Dismiss

In evaluating a motion to dismiss a complaint under Rule 12(b)(6), the Court must determine whether the "[f]actual allegations . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). The Court "must accept as true all of the factual allegations set out in plaintiff's complaint [and] draw inferences from those allegations in the light most favorable to plaintiff. . . ." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001) (quoting Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000)). Though the Court is "normally required to look only to the allegations on the face of the complaint," it may also consider "[d]ocuments that are attached to the complaint or incorporated in it by reference. . . ." Roth v. Jennings, No. 06-0784-cv, 2007 U.S. App. LEXIS 13035, at *26 (2d Cir. June 6, 2007). Accordingly, the Court considers the allegations in plaintiffs' amended complaint as well as documents incorporated therein.

### B. Breach of Contract Claim

Defendants argue that plaintiffs' amended complaint fails sufficiently to allege breach of contract. Defendants contend that no contract was entered into because, in furnishing plaintiffs with water, they acted pursuant to statute and not in accordance with a written or oral agreement. Defs.' Mem. Law Supp. Mot. Dismiss at 12-13. To state a claim for breach of contract under New York law, "a complaint need only allege (1) the existence of an agreement, (2) adequate

3

performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996) (citation omitted). Here, plaintiffs satisfied this standard. They allege that, "Plaintiffs contracted with defendants for the purchase of water and sewer services which defendants would deliver for the VA's use, and the VA would pay for such water in accordance with published rate schedules." Am. Compl. ¶ 38. Plaintiffs further allege that defendants "breached their contract by overcharging [plaintiffs] $541,347.62," id. ¶ 39—the sum plaintiffs paid to defendants on September 4, 2004 after defendants retracted the credit to plaintiffs' account. Plaintiffs' curious argument that no such contract was entered because the parties acted pursuant to statute involves factual questions that cannot be addressed on a motion to dismiss.

Defendants also move for a more definite statement of plaintiffs' breach of contract claim. Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement. . . ." However, "[a] motion pursuant to Rule 12(e) should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Bisson v. Martin Luther King Jr. Health Clinic, No. 06-CV-6682, 2007 U.S. Dist. LEXIS 34784, at *2 (E.D.N.Y. May 11, 2007) (quoting In re European Rail Pass Antitrust Litig., 166 F. Supp. 2d 836, 844 (S.D.N.Y. 2001)). "Motions for a more definite statement are generally disfavored because of their dilatory effect. The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings." In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., No. 1:00-1898,

4

MDL 1358, 2005 U.S. Dist. LEXIS 12400, at *7 (S.D.N.Y. June 24, 2005) (quotation marks omitted). Plaintiffs' breach of contract claim is neither unintelligible nor vague and ambiguous. Rather, plaintiffs have stated in detail the basis for the claim. Defendants' questions about the precise contours of plaintiffs' contract claim will be addressed adequately during the discovery process.

Finally, defendants assert that plaintiffs are barred from simultaneously pursuing claims for breach of express contract and breach of implied or quasi contract. Defs.' Mem. Law Supp. Mot. Dismiss at 13. While plaintiffs are correct that under New York law the existence of a valid contract bars recovery on a quasi-contract theory, Goldman v. Metro. Life Ins. Co., 5 N.Y.3d 561, 572 (2005), the parties in the current litigation dispute whether they entered into a valid contract. Because the parties themselves contest the existence of an enforceable contract, it is premature for the Court to rule on whether plaintiffs' quasi-contract claim is precluded. Moreover, Federal Rule of Civil Procedure 8(e) explicitly permits parties to plead in the alternative. See Fed. R. Civ. P. 8(e)(2) ("A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses."); see also Rabin v. Mony Life Ins. Co., No. 06 Civ. 775, 2007 U.S. Dist. LEXIS 18437, at *14 (S.D.N.Y. Mar. 9, 2007) ("[A quasi-contract claim] is not precluded where the existence of the contract is in dispute or where the contract does not cover the subject matter at issue."); Cal Distrib. Inc. v. Cadbury Schweppes Americas Beverages, Inc., No. 06 Civ. 0496, 2007 U.S. Dist. LEXIS 854, at *32-33 (S.D.N.Y. Jan. 5, 2007) (declining to rule that unjust enrichment claim was precluded where parties disagreed over whether there was a binding contract).

## C. Statute of Limitations

Defendants also contend that plaintiffs' claims are time-barred. The parties agree that the applicable statute of limitations is six years as set forth in 28 U.S.C. § 2415(a), which states in relevant part:

> [E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues . . . . Provided, That in the event of later partial payment or written acknowledgment of debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgment . . . .

Defendants contend that plaintiffs' various causes of action accrued "at the time of breach, i.e., when Plaintiffs' [sic] paid the allegedly erroneous charges." **Defs.' Mem. Law Supp. Mot. Dismiss** at 16. On this much, the parties agree. Defendants insist, however, that for statute of limitations purposes the relevant erroneous payments were those made by plaintiffs between January 25, 1994 and May 25, 2001, and that plaintiffs' claims predicated on the portion of payments made prior to February 2, 2000 are time-barred. Id. at 16. But in so framing the statute of limitations issue, defendants have misread the allegations in plaintiffs' amended complaint. Indeed, all of plaintiffs' causes of action center on the allegedly erroneous payment of $541,347.62 made on September 4, 2004, after defendants reversed the credit and re-billed plaintiffs. Am. Compl. ¶¶ 25-30, 43-44, 52-54, 56-57. Because the date of this payment falls comfortably within the six-year statute of limitations, plaintiffs' claims are timely.

## CONCLUSION

Experience suggests that two institutional litigants, each represented by seasoned counsel, might well find a way to resolve this dispute quickly and efficiently. Failing that, the Court is

confident that the parties will focus on the precise issue that divides them and move toward a speedy and sensible resolution.

For the reasons stated above, defendants' motion to dismiss plaintiffs' amended complaint is denied.

SO ORDERED.
Dated: Brooklyn, New York
August 2, 2007

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge